<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL SMITH, | |
| Plaintiff, | Civ. No. 08-1898 (DRD) |
| v. | **O P I N I O N** |
| ADRIANNA PAPPELL, LLP, | |
| Defendant. | |

*Appearances by:*

CHERYL SMITH
29 Berkshire Place
Irvington, NJ 07111

   *Pro Se Plaintiff*

MEYER & LANDIS, LLP
by: David B. Grantz, Esq.
One Gateway Center, Suite 2500
Newark, NJ 07102

   *Attorneys for Defendant*

<u>**DEBEVOISE, Senior District Judge**</u>

     This action commenced on April 18, 2008, when Plaintiff Cheryl Smith filed a Complaint alleging that Defendant Adrianna Pappell, LLP ("Pappell") wrongfully terminated her employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000a <u>et seq.</u>, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 <u>et seq.</u>

Defendant now moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's opposition to that motion includes new allegations and a request for leave to amend the Complaint. The allegations of racial discrimination in violation of Title VII will be dismissed for lack of jurisdiction, while the portion of the Complaint asserting claims under the ADA will be dismissed for failure to state a claim under that statute. Plaintiff's Motion for Leave to Amend the Complaint will be denied for failure to cure the jurisdictional defect created by the dismissal of her Title VII and ADA claims.

## II.  BACKGROUND

Plaintiff worked for six and a half months, beginning in October 2006, as a customer service representative for Pappell. On May 7, 2007, Ms. Smith took a leave of absence in order to undergo surgery. Her anticipated time for recovery was four to eight weeks. It appears from the pleadings that Pappell agreed to allow a leave of absence for that time period.

After eight weeks, Ms. Smith informed the company that she had not fully recovered and would need two more weeks of leave. On receiving that notification, Pappell hired another individual to replace Plaintiff and terminated her employment.

Plaintiff sought relief from the Equal Employment Opportunity Commission ("EEOC"). On September 5, 2007, she executed a Charge of Discrimination alleging that her firing violated the ADA. Specifically, Plaintiff stated that "I believe I was discharged because my employer did not want to accommodate certain temporary restrictions I had related to my medical condition and because they regarded me as being disabled." (Def.'s Br. Supp. Mot. Dismiss, Ex. A.) The Charge of Discrimination did not allege any violation of Title VII. (Def.'s Br. Supp. Mot. Dismiss, Ex. A.) After over six months of investigation, the EEOC issued a Dismissal and

Notice of Rights letter stating that it was "unable to conclude that the information obtained establishes violations of the statutes" and informing Plaintiff of her right to bring a lawsuit in order to determine whether her termination violated federal law. (Def.'s Br. Supp. Mot. Dismiss, Ex. B.)

On receiving the EEOC determination, Ms. Smith filed suit in this court alleging that her termination violated Title VII. The Complaint itself made no mention of the ADA, but Plaintiff elaborated on the allegedly-wrongful conduct by stating that "while I was on disability I was terminated. There was another women [sic] ... who was on long term disability. I was the only one terminated." (Compl. ¶ 9.) The cover sheet accompanying the Complaint stated the "nature of suit" as "employment" and "Amer. w/Disabilities - Other," and named as its statutory bases Title VII, the ADA, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (Compl., Ex. A.)

## II. DISCUSSION

Defendant asserts that this court lacks jurisdiction because the Complaint is based exclusively on alleged violations of Title VII that have not been investigated or ruled upon by the EEOC. See Hicks v. ABT Assocs., 572 F.2d 960, 963 (3d Cir. 1978) ("the filing of a charge with the Commission by an aggrieved party and the receipt of a notice of the right to sue are jurisdictional prerequisites to a civil action under Title VII."). Defendant further contends that Ms. Smith did not plead violations of the ADA in her Complaint to this court, and even if she had pled such violations, the admittedly temporary nature of her medical condition places that ailment outside the ADA's definition of "disability." Plaintiff argues in opposition that the scope of the EEOC investigation included the alleged violation of Title VII by Defendant. (Pl.'s Br.

Opp'n Mot. Dismiss 6.) She asserts that her Complaint articulated claims under both that statute and the ADA with sufficient detail to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Pl.'s Br. Opp'n Mot. Dismiss 4.)

### A. Rule 12(b)(6) Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007). That case abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, Bell Atlantic, 127 S.Ct. at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

It is not necessary, however, for a complaint to allege specific facts that conclusively

establish a right to relief. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atl., 127 S.Ct. at 1964). A complaint is adequately pled as long as it includes facts sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. (internal citations omitted). Complaints by pro se plaintiffs are especially "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

**B. Title VII Claim**

Even under the liberal pleading standards applicable to pro se complainants, Plaintiff does not state a claim for relief pursuant to Title VII. In cases such as this one, where a plaintiff filed a charge with the EEOC alleging a particular type of discrimination, "the scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Hicks, 572 F.2d at 966. A finding that the EEOC would have discovered evidence of a claim for a different type of discrimination during the course of its investigation does not, in and of itself, require a holding that such evidence was within the reasonable scope of the original charge. Id. at 967. "Otherwise, the charging party could greatly expand an investigation simply be alleging new and different facts when he was contacted by the Commission following his charge." Id.

In this case, the Plaintiff asserts that she "made out complaints to the EEOC investigator during the pendency of the EEOC investigation that she had been the victim of racial discrimination." (Pl.'s Br. Opp'n Mot. Dismiss 6.) However, that evidence was outside the reasonable scope of the original charge, in which Plaintiff complained in specific terms that "I have been discriminated against because of my disability (regarded as), in violation of the American with Disabilities Act of 1990, as amended." (Def.'s Br. Supp. Mot. Dismiss, Ex. A.)

5

The EEOC charge makes no mention of disparate treatment or discrimination based on race, despite the fact that such an allegation could have been set forth by the simple act of checking a box.  In the section specifying the statutory basis for the claim, the box indicating the ADA is marked with an "X," while the box corresponding to Title VII is left conspicuously blank. (Def.'s Br. Supp. Mot. Dismiss, Ex. A.)  Similarly, the form indicates "disability" under the section enumerating the "circumstances of alleged discrimination," while "race" is left blank. (Def.'s Br. Supp. Mot. Dismiss, Ex. A.)

The lack of nexus between the facts alleged in support of the Title VII and ADA claims lends further support to the finding that racial discrimination was not within the reasonable scope of the original charge.  Plaintiff's racial discrimination claim alleges that Defendant violated Title VII because it treated other individuals who were disabled or perceived as disabled differently than her.  See (Pl.'s Br. Opp'n Mot. Dismiss 6) ("white persons, who were on disability like she was, were not terminated and were able to return to work.")  In contrast, Plaintiff's ADA charge alleged that she was terminated because Defendant perceived her as disabled, and made no mention of any other employee.  (Def.'s Br. Supp. Mot. Dismiss, Ex. A.) The different forms of alleged discrimination involve divergent wrongful behavior and would have required dissimilar factual inquiries on the part of the EEOC.  The charge that Defendant violated the ADA alleged that it failed to accommodate an employee whom it believed was substantially impaired in her ability to work, and would have required an inquiry into Defendant's perception of Ms. Smith's individual medical condition.  In contrast, the charge that Defendant violated Title VII alleged that it treated impaired employees differently.  Investigation of that charge would have required the EEOC to examine Defendant's behavior toward multiple

disabled individuals.

In light of the fact that Plaintiff's claim for discrimination under Title VII was not articulated in the original charge of discrimination and would have required a factual inquiry different from that of the ADA claim, the court finds that it was not within the scope of the EEOC investigation which could reasonably be expected to grow out of the original charge. Therefore, this court must dismiss Plaintiff's Title VII claim for want of jurisdiction. See Hicks, 572 F.2d at 963.

**C.  ADA Claim**

Unlike the Title VII claim, Plaintiff explicitly raised violations of the ADA in her EEOC charge. Therefore, the ADA claim must be sustained if it was asserted in the Complaint with sufficient particularity to satisfy the liberal pleading standards applicable to pro se plaintiffs. Under that standard, the court must assume the truth of all allegations in the Complaint. Morse, 132 F.3d at 906. The claim must be upheld if Plaintiff's factual contentions, when liberally-construed, "raise a right to relief above the speculative level." Bell Atl., 127 S.Ct. at 1965.

In order to establish a prima facie case under the ADA, "a plaintiff must show (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000) (citations and quotations omitted). The first factor may be established by demonstrating that Plaintiff was "regarded as" having a disability by his or her employer. 42 U.S.C. § 12102(2)(c). A person is "regarded as" having a disability if he or she "(1) has a physical or mental impairment that does not substantially limit major life

activities but is treated by the covered entity as constituting such limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) has no such impairment but is treated by a covered entity as having a substantially limiting impairment." Rhinehimer v. Cemolift, Inc., 292 F.3d 375, 381 (3d Cir. 2002).

The facts alleged by Plaintiff make it clear that she was neither "disabled" within the meaning of the ADA or "regarded as" such by Defendant. The Complaint incorporated the charges set forth in the EEOC petition (Compl. ¶ 11), which stated Ms. Smith's belief that she was terminated because Defendant "did not want to accommodate certain temporary restrictions" related to her surgery. (Def.'s Br. Supp. Mot. Dismiss, Ex. A) (emphasis added.)  The admittedly temporary nature of Plaintiff's medical condition puts her claim outside the scope of the ADA. See Rhinehimer, 292 F.3d at 380 ("a temporary, non-chronic impairment of short duration is not a disability covered by the ADA"); McDonald v. Pa. Dep't of Pub. Welfare, Polk Ctr., 62 F.3d 92, 95-96 (3d Cir. 1995) ("Intermittent, episodic impairments are not disabilities, the standard example being a broken leg."). Therefore, this court is precluded from granting relief and must dismiss the ADA claim.

### D. Motion for Leave to Amend the Complaint

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleadings after being served with a response if that party obtains the court's leave. It further states that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of that statement, "a general presumption exists in favor of allowing a party to amend its pleadings." Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984), cert. denied, 469 U.S. 871

(1984). Leave to amend should be granted unless a "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or the amendment fails to cure a jurisdictional defect." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citations omitted).

The Proposed Amended Complaint does not alter the Title VII or ADA claims, but rather asserts state law causes of action grounded in contract and tort. Having dismissed Plaintiff's Title VII and ADA claims, this court declines to exercise supplemental jurisdiction over the newly asserted causes of action. See 28 U.S.C. § 1367(c)(3). Therefore, the Motion for Leave to Amend the Complaint is denied and the Complaint is dismissed in full.

### III. CONCLUSION

For all the foregoing reasons, Defendant's Motion to Dismiss is granted. Plaintiff's Motion for Leave to Amend the Complaint is denied, and the Complaint is dismissed in its entirety.

The court will enter an order implementing this decision.

                                                         s/ Dickinson R. Debevoise
                                                         DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: October 8, 2008